UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) No. 2:12-cr-00213-NT | |
| MARIO CRUZ-GALAN ) | |

**ORDER ON DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA**

On January 17, 2013, the Defendant, Mario Cruz-Galan, appeared before the Court and plead guilty to making a false statement on an I-9 Employment Eligibility Verification form (Count One) and reentering the United States after removal (Count Two).[1]

The Defendant now seeks to withdraw his guilty plea to Count One of the information, claiming that when he looked closely at the I-9 form after entering his guilty plea, he discovered that the handwriting and signature on the form are not his. Mot. to Withdraw Plea to Count One of the Information (ECF No. 24).

**Relevant Law**

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a plea of guilty after the Court accepts the plea but before the Court imposes a sentence if the defendant "can show a fair and just reason for requesting the withdrawal." The defendant bears the burden of persuasion. *United States v. Marrero-Rivera,* 124 F.3d 342, 347 (1st Cir. 1997). "In determining the weight to be attached to a proffered reason, a court ordinarily should focus on whether any of Rule 11's core concerns have been implicated, that is, whether the plea, when

---

[1]   *See* 18 U.S.C. § 1546(b)(3); 8 U.S.C. § 1326(a).

entered, was voluntary, intelligent, and knowing." *United States v. Negrón-Narváez,* 403 F.3d 33, 36 (1st Cir. 2005). The Court also considers "the force of the reasons offered by the defendant; whether there is a serious claim of actual innocence; the timing of the motion; and any countervailing prejudice to the government if the defendant is allowed to withdraw his plea." *United States v. Padilla-Galarza,* 351 F.3d 594, 597 (1st Cir. 2003). "Ordinarily, a defendant is stuck with the representations that he himself makes in open court at the time of the plea." *Id.* at 598.

## Discussion

The circumstances of this motion are unusual. The Defendant does not argue that his Rule 11 hearing did not comply fully with Rule 11's requirements. The Court's review of the Defendant's Rule 11 colloquy confirms that the Court complied with Rule 11's formalities. Through an interpreter, the Court advised the Defendant of his rights and the consequences of his plea and questioned him to confirm that he understood his rights and the consequences of his plea, as required by Rule 11(b)(1). The Court also ensured that the Defendant's plea was voluntary, and that there was a factual basis for his plea, as required by Rule 11(b)(2) and (3).

The Defendant, a citizen of Mexico who left school after the sixth grade, wishes to withdraw his plea to Count One because he claims to be innocent of the charged crime. After the plea proceeding, the Defendant looked carefully at the I-9 form and wrote a letter to his counsel telling him that it was not his signature on the form. He has submitted along with this motion the I-9 form and seven known

examples of his signature.[2] Mot. to Withdraw Plea to Count One of the Information Exs. 1 & 2 (ECF Nos. 25-1 & 25-2). The Court has reviewed the I-9 form and the known examples of the Defendant's signature and agrees that those signatures appear to be different from the signature on the I-9. The government does not contend that it would be prejudiced by the Defendant's withdrawal of his plea but argues that permitting the Defendant to withdraw a guilty plea that he entered into voluntarily, intelligently, and knowingly threatens the sanctity of Rule 11 proceedings. The Court fully appreciates this concern. But in this unusual case, the Defendant has made a straightforward and plausible claim of factual innocence. The Court thus concludes that the Defendant has shown a fair and just reason for withdrawing his guilty plea to Count One of the information.

## Conclusion

The Defendant's Motion to Withdraw Plea to Count One of the Information is **GRANTED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 10th of May, 2013.

---

[2] Raising the issue at this point in the proceeding actually exposes the Defendant to additional time in jail. The Defendant has been incarcerated on these charges since October 31, 2012. Although the sentencing guidelines have not been finally calculated, there is certainly a possibility that the Defendant would be sentenced to time served at his sentencing. Any delay of the proceedings could serve to lengthen the Defendant's sentence. At a conference of counsel held on May 7, 2013, defense counsel represented that the Defendant understands this dilemma, but the Defendant still insists that he did not sign the I-9 form.